IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREN M. TAYLOR,

    Plaintiff,

vs.

DEPARTMENT OF THE AIR FORCE, et al.,

    Defendants.

_____/

No. CIV S-08-0869 JAM DAD PS

ORDER DIRECTING CLERK TO SEND MATERIALS FOR SERVICE OF PLAINTIFF'S AMENDED COMPLAINT AND REQUIRING SERVICE BY UNITED STATES MARSHAL

       Plaintiff is proceeding pro se with a complaint alleging claims of employment discrimination. The court previously granted plaintiff leave to proceed in forma pauperis, directed the Clerk to send plaintiff materials necessary for service of her complaint, and required service by the United States Marshal. (Order filed Apr. 30, 2008, Doc. No. 3, at 1-2.) The court ordered plaintiff to "submit the properly completed forms and the number of copies required by the United States Marshal, along with a copy of this order, to the United States Marshal" within thirty days. (Id. at 2 (emphasis added).) The order also required that, within ten days "after submitting all required materials to the United States Marshal, plaintiff shall file with the court a declaration stating the date on which she submitted all required materials to the United States Marshal." (Id. (emphasis added).). This order addresses plaintiff's failure to comply with the court's orders.

1

On May 6, 2008, plaintiff submitted to the court, rather than the United States Marshal, two improperly completed summons forms, two improperly completed USM-285 forms, and three copies of her complaint, with a copy of the court's April 30, 2008 order improperly attached to each copy of the complaint. The Clerk prepared and filed a Notice of Submission of Documents and advised the undersigned of plaintiff's submission. (See Clerk's Notice of Submission of Documents filed May 6, 2008, Doc. No. 6.) On August 25, 2008, plaintiff submitted a statement concerning submission of documents to the United States Marshal. (Doc. No. 7.) This document does not reflect compliance with the court's April 30, 2008 order.

The court has not returned plaintiff's improperly submitted documents to her, or forwarded them to the United States Marshal, for two reasons. The first reason is that the forms were not properly completed. The second reason is that on May 6, 2008, plaintiff filed a document titled "Complaint" that is not a copy of plaintiff's April 24, 2008 complaint. (Complaint filed May 6, 2008, Doc. No. 5.) The Federal Rules of Civil Procedure permit a plaintiff to amend his or her pleading once as a matter of right prior to the filing of a responsive pleading by the defendants. Fed. R. Civ. P. 15(a). The court deems plaintiff's May 6, 2008 pleading to be an amended complaint filed by plaintiff as a matter of right. By this order, the court will direct the Clerk to provide plaintiff with new forms for service of the amended complaint.[1]

It appears from the caption of plaintiff's various pleadings that she has sued two defendants: the Department of the Air Force and Michael W. Wynne, Secretary of the Air Force.

---

[1] Recently, plaintiff filed yet another document titled "Complaint," which is not a copy of but varies only slightly from the amended complaint filed on May 6, 2008. Rule 15(a) permits only one amendment as a matter of right. Accordingly, the pleading filed on September 3, 2008 will be disregarded. Plaintiff may not further amend her pleading except by stipulation with counsel for defendant, after defendant has been served with the amended complaint and has appeared in the case, or by formal noticed motion for leave to file a second amended complaint, with a proposed second amended complaint attached to the motion as an exhibit. Plaintiff shall not file any additional documents titled "Complaint."

However, the summons and USM-285 forms submitted to the court in error on May 6, 2008 indicate that the sole defendant is Michael W. Wynne, sued as head of the Department of the Air Force.  In an employment discrimination case brought by a federal employee pursuant to Title VII, "the head of the department, agency, or unit, as appropriate, shall be the defendant."  42 U.S.C. § 2000e-16(c).  See Vinieratos v. U.S. Dep't of Air Force, 939 F.2d 762, 772 (9th Cir. 1991) ("Title VII requires that in a civil action alleging employment discrimination by the government, 'the head of the department, agency, or unit, as appropriate, shall be the defendant.'").  Accordingly, the court will authorize service of plaintiff's amended complaint only upon defendant Wynne in his capacity as head of the Department of the Air Force.

With regard to the summons form, plaintiff is advised that the caption on the form should match the caption of her amended complaint and this order, i.e., Karen M. Taylor, Plaintiff, v. Department of the Air Force, Honorable Michael W. Wynne, Secretary of the Air Force, Defendants.  In the space provided for the name and address of defendant, plaintiff must enter Michael W. Wynne, Secretary of the Air Force, and the proper address for defendant Wynne, as he is the only defendant on whom service is authorized.  In the space provided for the name and address of plaintiff's attorney, plaintiff must enter her own name, followed by the words "Pro Se," and her own address.  With regard to the USM-285 form, plaintiff is advised that she must enter in the spaces for the name and address of the individual to be served "Michael W. Wynne, Secretary of the Air Force" and his address.  Finally, plaintiff is cautioned that she must provide the United States Marshal with exactly the number of forms and copies of the amended complaint specified below.

IT IS ORDERED that:

1. The Clerk of the Court is directed to modify the docket entry for plaintiff's May 6, 2008 pleading (Doc. No. 5) to reflect that it is an amended complaint.

2. Plaintiff's September 3, 2008 complaint (Doc. No. 8) will be disregarded, and the Clerk is directed to so note on the docket.

3. The documents submitted to the court in error on May 6, 2008 (Doc. No. 6) have been discarded as moot.

4. The Clerk of the Court is directed to issue process and send plaintiff (1) an instruction sheet for service of process by the United States Marshal, (2) one summons form; (3) one USM-285 form, and (4) one endorsed copy of plaintiff's amended complaint filed May 6, 2008 (Doc. No. 5).

5. Plaintiff shall submit the following documents directly to the United States Marshal by personal delivery or by mail to United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814, within fifteen (15) days after this order is served: one copy of this order, one properly completed USM-285 form, five copies of a properly completed summons form, and five true and exact copies of the endorsed amended complaint (Doc. No. 5).

6. Within five (5) days after submitting all required materials directly to the United States Marshal, plaintiff shall file with the court a declaration under penalty of perjury stating the date on which she submitted the documents to the United States Marshal and indicating whether the documents were delivered or mailed to the address provided in the preceding paragraph. Failure to file the required declaration in a timely manner may result in an order imposing sanctions.

7. Within thirty (30) days after receiving the necessary materials from plaintiff, the United States Marshal is directed to serve process on defendant Michael W. Wynne in his official capacity as Secretary of the Air Force, in accordance with Fed. R. Civ. P. 4(i)(1) & (2).

DATED: September 19, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
DDad1/orders.pro se/taylor0869.amcomplt.serve

4