IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREN M. TAYLOR,

      Plaintiff,

vs.

DEPARTMENT OF THE
AIR FORCE, et al.,

      Defendants.

No. CIV S-08-0869 JAM DAD PS

ORDER

      This matter came before the court on January 23, 2009 for hearing of defendants' motion to dismiss plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The court also heard defendants' motion to strike documents that were submitted by plaintiff in opposition to the motion to dismiss. Plaintiff, proceeding pro se, appeared on her own behalf. Todd A. Pickles, Esq., appeared for defendants Department of the Air Force and Michael B. Donley, Secretary of the Air Force.

      Upon consideration of the parties' briefing, their arguments at the hearing, and the entire file, the court granted defendants' motions for the reasons stated in open court. Liberally construing plaintiff's references to information and facts as an indication that plaintiff may be able to amend her pleading to state claims of employment discrimination and retaliation, the court dismissed plaintiff's amended complaint with leave to file a second amended complaint.

As the court previously advised plaintiff by order filed September 19, 2008, in an employment discrimination case brought by a federal employee pursuant to Title VII, "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). See Vinieratos v. U.S. Dep't of Air Force, 939 F.2d 762, 772 (9th Cir. 1991) ("Title VII requires that in a civil action alleging employment discrimination by the government, 'the head of the department, agency, or unit, as appropriate, shall be the defendant.'"). Accordingly, plaintiff's second amended complaint should not name the Department of the Air Force as a defendant.

As explained in court, plaintiff's second amended complaint should not include any allegations of unfair labor practices that are within the exclusive jurisdiction of the Federal Labor Relations Authority. With regard to plaintiff's remaining claims against defendant Donley, plaintiff must identify all causes of action, i.e., identify what provisions of which statutes were violated, and then allege facts in support of each cause of action and state what relief is sought. The factual allegations supporting plaintiff's claims must be succinct yet sufficient to demonstrate that the actions complained of resulted in the violation of one or more federal rights. Documents should not be attached to the second amended complaint as a substitute for factual allegations or as mere evidence, and the second amended complaint should not contain legal argument or citations to cases. Vague and conclusory allegations will not state a claim for relief or constitute the short and plain statement required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, every complaint must give the defendant fair notice of the plaintiff's claims.

Plaintiff is informed that her second amended complaint will supersede the amended complaint that has been dismissed. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Pursuant to Local Rule 15-220, the second amended complaint must be complete in itself without reference to the prior pleading. The court cannot refer to prior pleadings to make the second amended complaint complete.

IT IS ORDERED that:

1. Defendants' November 26, 2008 motion to dismiss (Doc. No. 15) is granted with leave to amend;

2. Defendants' December 18, 2008 motion to strike (Doc. No. 24) is granted and the documents attached to plaintiff's opposition brief (Doc. No. 21) are deemed stricken;

3. Plaintiff's second amended complaint shall be served on defendants' counsel and filed with the court on or before March 6, 2009; the pleading shall be titled "Second Amended Complaint" and shall not name the Department of the Air Force as a defendant; and

4. Defendants' response to plaintiff's second amended complaint shall be filed and served within twenty days after service of the second amended complaint.

DATED: January 26, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
DDad1/orders.pro se/taylor0869.ord.grmtd.lta