IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREN M. TAYLOR,

    Plaintiff,

vs.

MICHAEL B. DONLEY, Secretary
of the United States Air Force,

    Defendant.

No. CIV S-08-0869 JAM DAD PS

FINDINGS & RECOMMENDATIONS

/

      This employment discrimination case came before the court on May 15, 2009 for hearing of defendant's motion for partial dismissal of claims[1] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff, proceeding pro se, appeared on her own behalf. Todd A. Pickles, Esq. appeared for the defendant. After hearing the parties' arguments, the undersigned took the motion under submission.

      Upon consideration of the parties' briefing, their arguments at the hearing, and the entire file, the undersigned recommends that defendant's motion for partial dismissal be granted and that plaintiff's claims alleged pursuant to the Civil Rights Act, 42 U.S.C. §§ 1981 and 1983;

---

[1] Concurrently with his motion for partial dismissal, defendant filed an answer to plaintiff's claims brought under Title VII, 42 U.S.C. §§ 2000e, et seq., and the Rehabilitation Act, 29 U.S.C. §§ 701, et seq.

1

the Americans With Disabilities Act, 42 U.S.C. §§ 12101, et seq.; the Family Medical Leave Act, 29 U.S.C. §§ 2601, et seq.; and the Fourteenth Amendment be dismissed with prejudice.

## PLAINTIFF'S CLAIMS

Plaintiff describes her case as an action to recover actual, compensatory, liquidated, and punitive damages under 42 U.S.C. § 1981; 42 U.S.C. § 1983; 29 U.S.C. § 2601, the Family Medical Leave Act; 42 U.S.C. § 12101 et seq., the Americans With Disabilities Act; 42 U.S.C. § 2000e-2, et seq., Title VII of the Civil Rights Act of 1964; and the Fourteenth Amendment to the United States Constitution. (Second Am. Compl. (Doc. No. 31) at 1.) Plaintiff alleges federal question jurisdiction grounded on these statutes and on the Rehabilitation Act of 1973. (Id. at 2.)

Plaintiff alleges that after 26 years of loyal service at Travis Air Force Base she was denied equal protection and the reasonable accommodation recommended by numerous doctors and psychiatrists. While other employees were approved for leave without pay for up to a year, plaintiff, who is African-American, alleges that she was subjected to race discrimination and retaliation, involuntary reassignment, and eventual termination. (Id. at 2-4.) Plaintiff seeks monetary relief and orders requiring defendant to cease all discriminatory acts and rehire her immediately. (Id.)

## ANALYSIS

Defendant's motion for partial dismissal has been brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

I. <u>Legal Standards Applicable to Motions Brought Pursuant to Fed. R. Civ. P. 12(b)(1) & (6)</u>

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel.

& Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

In the present case, defendants' Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact as to certain claims set forth in plaintiff's second amended complaint. When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations. Id. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff will have the burden of proving that jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

The purpose of a motion to dismiss brought pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The court is permitted to consider material which is properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los

Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

As the court explained during oral argument, defendant's motion to dismiss is made on legal grounds rather than factual grounds. The issues before the court at this time do not concern the merits of plaintiff's claims. Instead, defendant's motion brought pursuant to Rule 12(b)(1) challenges this court's authority to adjudicate the claims plaintiff has alleged against the defendant, while defendants' motion pursuant to Rule 12(b)(6) challenges the court's ability to grant any relief on plaintiff's claims, even if plaintiff's allegations are true.

II. Applying the Legal Standards

In her second amended complaint, plaintiff seeks injunctive relief and monetary damages against a federal official. Plaintiff's claims are based on various federal statutes and constitutional provisions. Defendants contend that: (1) 42 U.S.C. § 1983 does not apply to federal officers such as the defendant in this case; (2) federal employees have no claim for discrimination under § 1981; (3) there is no private right of action for federal employees under the Family Medical Leave Act (FMLA); (4) there is no claim under the Americans With Disabilities Act (ADA) against the Secretary of the Air Force; and (5) there is no claim against the Secretary of the Air Force for violation of the Fourteenth Amendment. Defendant urges the court to dismiss these claims without leave to amend.

The United States cannot be sued at all without the consent of Congress. Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983); Robinson v. United States, 586 F.3d 683, 685 (2009). Similarly, no federal agency can be sued unless Congress has explicitly revoked that agency's immunity. Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 343 (9th Cir. 1993); City of Whittier v. U.S. Dep't of Justice, 598 F.2d 561, 562 (9th Cir. 1979). Put another way, no court can award relief against the United States or a federal agency unless the requested relief is expressly and unequivocally authorized by federal statute. United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); United States v. King, 395 U.S. 1, 4 (1969) (citing United States v. Sherwood, 312 U.S. 584, 586-87 (1941)); Cato v. United

States, 70 F.3d 1103, 1107 (9th Cir. 1995).

"The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction." McCarthy, 850 F.2d at 560.  Absent a waiver of sovereign immunity, a claim against the United States must be dismissed for lack of subject matter jurisdiction.  Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).  If conditions are attached to legislation that waives the sovereign immunity of the United States, the conditions must be strictly observed by the courts, and exceptions are not to be readily implied.  Block, 461 U.S. at 287.  See also Cato, 70 F.3d at 1107 ("The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.").

In accordance with these principles, the court must examine the statutory or constitutional basis for each of plaintiff's claims and determine whether the United States has waived its sovereign immunity to suit under that statute or constitutional provision and, if so, whether the terms of the waiver permit this court to entertain plaintiff's claims under the statute or constitutional provision in question.

A.   Claims Under the Civil Rights Act and the United States Constitution

The Fourteenth Amendment to the United States Constitution provides, among other protections, that "no State" shall deprive any person of life, liberty, or property without due process of law, or deny to any person within the State's jurisdiction the equal protection of the laws.  U.S. Const. amend. XIV § 1.  The plain language of the amendment reflects that these provisions apply to states and not to the federal government or its employees.  San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 543 n.2 (1987).

Section 1981 provides that all persons within the jurisdiction of the United States shall have the same right in every State to make and enforce contracts, to sue, to be parties, to give evidence, and to enjoy the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens and shall be subject to the same

punishment, penalties, and taxes. 42 U.S.C. § 1981. For a federal employee alleging employment discrimination based on race, color, religion, sex, or national origin, the existence of a remedy under Title VII precludes a separate cause of action under 42 U.S.C. § 1981. Brown v. Gen. Servs. Admin., 425 U.S. 820, 834 (1976) (holding that Title VII is the exclusive judicial remedy for claims of discrimination in federal employment); Williams v. Gen. Servs. Admin., 905 F.2d 308, 311 (9th Cir. 1990) (holding that, due to its comprehensive scope, Title VII preempts other claims such as tort and constitutional claims that seek to redress wrongs predicated on discriminatory employment actions); White v. Gen. Servs. Admin., 652 F.2d 913, 917 (9th Cir. 1981) (holding that Title VII is the sole remedy for a race discrimination claim by a federal employee) .

Section 1983 provides that if a person acting under color of state law deprives a citizen of the United States of rights guaranteed by the United States Constitution or a federal law, that person will be liable to the party injured "in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. "[B]y its very terms, § 1983 precludes liability in federal government actors." Morse v. N. Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir. 1997) (finding the plaintiff's complaint "invalid on its face in its reliance upon § 1983 as a cause of action against alleged federal government actors"). See also Ibrahim v. Dept. of Homeland Security, 538 F.3d 1250, 1257 (9th Cir. 2008) (recognizing "the long-standing principle that federal officials can only be liable under section 1983 where there is a 'sufficiently close nexus between the State and the challenged action of the [federal actors] so that the action of the latter may be fairly treated as that of the State itself.'")

Neither § 1981 nor § 1983 contains a waiver of sovereign immunity with respect to federal officials, and therefore plaintiff's claims under 42 U.S.C. §§ 1981 and 1983 in this case should be dismissed.

The court has also considered, however, whether plaintiff's allegations could be construed as Bivens-type claims. In Bivens v. Six Unknown Named Agents of Federal Bureau of

6

Narcotics, the Supreme Court held that the plaintiff could seek to recover monetary damages for injury sustained when federal officers violated his Fourth Amendment rights. 403 U.S. 388, 392-94, 397 (1971). The Court found that the right to such redress arose directly under the Fourth Amendment. Id. The Bivens remedy is not restricted to claims arising under the Fourth Amendment. See Davis v. Passman 442 U.S. 228, 248-49 (1979) (recognizing a damages remedy, in the context of alleged gender discrimination, for federal officers' violations of the equal protection component of the Fifth Amendment); Gibson v. United States, 781 F.2d 1334, 1341-42 (9th Cir. 1986) (joining other circuits in recognizing that First Amendment claims are properly cognizable through a Bivens-type action). However, "no Bivens-type claim lies against the United States itself," Cato, 70 F.3d at 1110, and the Supreme Court has declined to extend Bivens to permit a damages remedy against federal agencies because "the purpose of Bivens is to deter *the officer*." FDIC v. Meyer, 510 U.S. 471, 485-86 (1994) (italics in original). See also Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001) ("[T]he threat of suit against an individual's employer was not the kind of deterrence contemplated by Bivens . . . .")

In order to have an actionable Bivens-type conspiracy claim, the plaintiff must allege facts showing (1) the existence of an express or implied agreement among federal officers to deprive plaintiff of constitutional rights and (2) an actual deprivation of those rights resulting from the federal officers' agreement. Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991). See generally Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971) (a claim of conspiracy must be based on allegations that establish the existence of a conspiracy); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1991) ( "A mere allegation of conspiracy without factual specificity is insufficient to support a claim.").

Here, plaintiff in her second amended complaint offers only conclusory allegations that the defendant violated her rights under the Fourteenth Amendment. Moreover, any Bivens-type claims under the Fourteenth Amendment would have to be dismissed because, as noted above, the Fourteenth Amendment applies only to actions by a State or state actors. San

Francisco Arts & Athletics, Inc., 483 U.S. at 543 n.21. Any Bivens-type claims under the Fifth Amendment, if plaintiff were permitted to amend her pleading again, would have to be dismissed with respect to defendant Secretary because the defendant has been sued in his capacity as head of an agency. Id.; Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996) (a Bivens action can be maintained against a defendant in his or her individual capacity only and not in his or her official capacity); Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987).

Bivens creates a cause of action only against federal officials who participated directly in the claimed constitutional violation, and the doctrine of respondeat superior cannot be invoked to support such a cause of action. Bibeau v. Pacific Nw. Research Found. Inc., 188 F.3d 1105, 1114 (9th Cir. 1999) (citing Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991)). Here, plaintiff's second amended complaint alleges no facts that would support a Bivens-type claim against an individual federal official. The pleading also fails to allege facts showing the existence of an agreement among individual federal officials or an actual deprivation of rights resulting from such an agreement. Any Bivens-type conspiracy claim would have to be dismissed.

Accordingly, all of plaintiff's claims alleged under 42 U.S.C. §§ 1981 and 1983 and the Equal Protection Clause should be dismissed for lack of jurisdiction.

B. Claims Under the FMLA

"The FMLA grants private and federal employees an entitlement to periods of leave for certain enumerated circumstances." Russell v. U.S. Dep't of the Army, 191 F.3d 1016, 1018 (9th Cir. 1999). Title II of the FMLA governs leave for most federal civil service employees who have completed at least twelve months of service. 5 U.S.C. §§ 6381(1) & 6382(a). Employees covered by Title II include individuals appointed in the civil service by a member of a uniformed service. 5 U.S.C. §§ 2105(a)(1)(C) & 6381(1)(B). Title I governs leave for private employees and all federal civil service employees not covered by Title II. 29 U.S.C. §§ 2611(2) & 2612(a). Despite the fact that Title I and Title II employees have equivalent rights

to leave time, "Title I expressly provides a private right of action to remedy employer action violating FMLA rights" while "Title II contains no analogous provision." Russell, 191 F.3d at 1018.

Plaintiff does not dispute that she was an individual appointed in the civil service by a member of a uniformed service and that she had completed at least twelve months of service at the times relevant to this action. As a federal civil service employee covered by Title II of the FMLA, plaintiff does not have a private right of action to remedy a violation of her FMLA rights by her federal employer. In the absence of a waiver of sovereign immunity for Title II employees, plaintiff's FMLA claims are barred by sovereign immunity and should be dismissed.

### C. Claims Under the ADA

The ADA provides that the remedies available under 42 U.S.C. §§ 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9, i.e., Title VII, are also available under the ADA and that those remedies are provided to the EEOC, the Attorney General, and any person alleging employment discrimination on the basis of disability in violation of any provision of the ADA. 42 U.S.C. § 12117(a). However, for ADA purposes, the United States is expressly excluded from the definition of the term "employer." 42 U.S.C. § 12111(5)(B)(i). Thus, by statutory definition, the ADA does not apply to claims alleged by federal employees against their employers. See Gray v. United States,, 69 Fed. Cl. 95, 102 (2005) (holding that "the United States has not waived its sovereign immunity to be sued under the ADA ... [and the Court of Federal Claims] has no alternative but to dismiss plaintiff's ADA claim.").

The plaintiff in this case cannot sue her employers, i.e., the United States Air Force and the Secretary of the Air Force, under the ADA because the ADA does not contain a waiver of these defendants' sovereign immunity. All of plaintiff's ADA claims are barred by sovereign immunity and should therefore be dismissed.

/////

/////

CONCLUSION

Plaintiff's claims under the FMLA, the ADA, 42 U.S.C. §§ 1981 and 1983, and the Fourteenth Amendment should be dismissed for lack of subject matter jurisdiction, and this action should proceed only on plaintiff's claims arising under Title VII of the Civil Rights Act of 1964 and § 501 of the Rehabilitation Act.

For the reasons set forth above, IT IS RECOMMENDED that:

1. Defendant's April 1, 2009 motion for partial dismissal of claims (Doc. No. 35) be granted;

2. All claims alleged under the Family Medical Leave Act, the Americans With Disabilities Act, 42 U.S.C. §§ 1981 and 1983, and the Fourteenth Amendment be dismissed with prejudice; and

3. This action proceed on the claims alleged under Title VII and the Rehabilitation Act.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after being served with these findings and recommendations, any party may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed within seven days after the objections are served.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 10, 2010.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
DDad1/orders.pro se/taylor0869.f&r.gr.mtd