IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREN M. TAYLOR,

       Plaintiff,                    No. CIV S-08-0869 JAM DAD PS

    v.

MICHAEL B. DONLEY, Secretary
of the United States Air Force,

       Defendant.

_____/

**<u>STATUS (PRETRIAL SCHEDULING) ORDER</u>**

       READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES
WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL
AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS
ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER
SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN
ORDER OF JUDGMENT.

       Pursuant to court order, a Status (Pretrial Scheduling) Conference was held on
May 7, 2010, at 11:00 a.m.  Plaintiff Karen M. Taylor, who is proceeding pro se in this action,
appeared on her own behalf.  Todd A. Pickles, Esq. appeared as counsel for defendant Michael
B. Donley, Secretary of the Air Force.

1

1    After hearing, the court makes the following findings and orders:

2    **SERVICE OF PROCESS**

3    Plaintiff has effected service of process on the defendant named in her Second

4    Amended Complaint filed March 4, 2009 (Doc. No. 31).  No further service of process is

5    permitted except with leave of court, good cause having been shown.

6    **JOINDER OF PARTIES/AMENDMENTS**

7    No further joinder of parties or amendments to pleadings is permitted except with

8    leave of court, good cause having been shown.  See Johnson v. Mammoth Recreations, Inc., 975

9    F.2d 604, 609-10 (9th Cir. 1992).

10   **JURISDICTION/VENUE**

11   Jurisdiction over this action is predicated upon Title VII of the Civil Rights Act of

12   1964 and § 504 of the Rehabilitation Act of 1973.   Jurisdiction is disputed by defendant to the

13   extent that plaintiff failed to administratively exhaust any claim set forth in her Second Amended

14   Complaint.  Venue is undisputed and is hereby found to be proper.

15   **MOTION HEARING SCHEDULES**

16   All law and motion, except as to discovery, which is discussed below in a separate

17   section, shall be conducted so as to be completed by **March 4, 2011**.  The word "completed" in

18   this context means that all law and motion matters must be **heard** on or before the above date.

19   Because this date is not necessarily a date that will be set aside for law and motion hearings,

20   counsel and parties proceeding pro se are required to contact this court's courtroom deputy, Pete

21   Buzo, at (916) 930-4128 sufficiently in advance to ascertain dates on which non-discovery

22   motions may be heard prior to the law and motion deadline and to properly notice such motions

23   for hearing on or before the deadline.  This paragraph does not preclude the filing of motions for

24   continuances, motions for temporary restraining orders, and other emergency applications that

25   are subject to special scheduling.

26   /////

1    The parties shall refer to Local Rule 230 regarding the requirements for noticing a

2    non-discovery motion on the magistrate judge's regularly scheduled law and motion calendar.

3    **Counsel and parties proceeding pro se shall file and serve opposition OR a statement of**

4    **non-opposition to all properly noticed motions not later than fourteen (14) days preceding**

5    **the hearing date.  Any reply shall be filed and served not later than seven (7) days**

6    **preceding the hearing date.**

7    The parties should keep in mind that the purpose of law and motion is to narrow

8    and refine the legal issues raised by the case, and to dispose of by pretrial motion the issues that

9    are susceptible to resolution without trial.  To accomplish that purpose, the parties must identify

10   and fully research the issues presented by the case and then examine those issues in light of the

11   evidence gleaned through discovery.  If it appears to counsel or a party proceeding pro se after

12   examining the legal issues and the facts that an issue can be resolved by pretrial motion, counsel

13   or the pro se party shall file an appropriate motion within the time set forth above.

14   ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY

15   PRETRIAL MOTION.  Counsel and parties proceeding pro se are advised that motions in limine

16   are procedural devices designed to address the admissibility of evidence.  The court will look

17   with disfavor upon substantive motions presented in the guise of motions in limine at the time of

18   trial.  Counsel and parties proceeding pro se are cautioned that if any legal issue that should have

19   been tendered to the court by pretrial motion must be resolved by the court after the law and

20   motion deadline, substantial sanctions may be levied against the attorney or the party proceeding

21   pro se who failed to timely file an appropriate motion.

22   **DISCOVERY**

23   All discovery shall be conducted so as to be completed by **January 14, 2011**.  The

24   word "completed" in this context means that all discovery shall have been conducted so that all

25   depositions have been taken and any disputes relative to discovery shall have been resolved by

26   appropriate order if necessary and, where discovery has been ordered, the order has been

complied with.  All discovery motions must be noticed on the magistrate judge's calendar in accordance with Local Rule 251.

The initial disclosure requirement of Federal Rule of Civil Procedure 26(a)(1) is waived as to all parties in this action.  Defendant's request for leave to serve more than 25 written interrogatories is granted.  See Fed. R. Civ. P. 33(a)(1).  Either party may serve up to 30 written interrogatories.  A request for the name and address of witnesses with knowledge of a particular fact, the identification of documents supporting that fact, and the name and address of the custodian of the documents will count as one interrogatory.

Plaintiff shall designate in writing and file with the court and serve upon defendant's counsel the names of any experts that she proposes to call at trial not later than **November 5, 2010**.  Defendant shall designate in writing and file with the court and serve upon plaintiff the names of any experts that defendant proposes to tender at trial not later than **November 19, 2010**.  Plaintiff shall designate in writing and file with the court and serve upon defendant's counsel the names of any rebuttal experts that she proposes to call at trial not later than **December 3, 2010**.  All experts so designated are to be fully prepared to render an informed opinion at the time of designation so that they may fully participate in any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after a deposition taken subsequent to designation.  An expert witness not listed in the party's designation of witnesses will not be permitted to testify at trial unless the party offering the witness demonstrates that:  (a) the necessity of the witness could not have been reasonably anticipated at the time the lists were filed and served; (b) the court and the opposing party were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition.

/////

/////

/////

1       **FINAL PRETRIAL CONFERENCE**

2       Final Pretrial Conference is **SET** for **June 17, 2011**, at **2:00 p.m.**, in Courtroom 6

3  before the Honorable John A. Mendez.  The parties are cautioned that any counsel appearing for

4  the Final Pretrial Conference shall in fact try the matter.

5       Counsel and parties proceeding pro se are to be fully prepared for trial at the time

6  of the Final Pretrial Conference, with no matters remaining to be accomplished except

7  production of witnesses for oral testimony.

8       The pro se plaintiff and counsel for defendant shall each file a separate Pretrial

9  Statement.  Counsel and parties proceeding pro se are referred to Local Rule 281(a)(1) and (3)

10  regarding the time for filing Pretrial Statements and Local Rule 281(b)(1) - (22) regarding the

11  contents of separate Pretrial Statements.  In addition to all subjects listed in Local Rule 281(b),

12  each party shall include in its pretrial statement a plain, concise statement that identifies every

13  non-discovery motion tendered to the court and its resolution.  A FAILURE TO COMPLY

14  WITH LOCAL RULE 281 WILL BE GROUNDS FOR SANCTIONS.

15       In addition to their separate Pretrial Statements, the parties shall cooperate in the

16  preparation of a <u>JOINT STATEMENT</u> with respect to the undisputed facts and disputed factual

17  issues of the case.  <u>See</u> Local Rule 281(b)(3) and (4).  In the joint statement, the undisputed facts

18  and disputed factual issues are to be set forth in two separate sections titled "Undisputed Facts"

19  and "Disputed Factual Issues."  In each section, the parties should identify first the general facts

20  relevant to all causes of action.  After identifying the general facts, the parties should then

21  identify those facts which are relevant to each separate cause of action.  The parties are to

22  number each individual fact or factual issue.  Where the parties are unable to agree as to what

23  factual issues are properly before the court for trial, they should list in the section on

24  "DISPUTED FACTUAL ISSUES" all issues asserted by any party and explain by parenthetical

25  the controversy concerning each issue.  In general, each fact should relate or correspond to an

26  element of the relevant cause of action.  Notwithstanding the provisions of Local Rule 281(a), the

1    Joint Statement of Undisputed Facts and Disputed Factual Issues is to be filed with the court

2    concurrently with the filing of plaintiff's separate Pretrial Statement.

3              Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide

4    with their separate Pretrial Statements a list of witnesses and a list of exhibits that the party

5    proposes to proffer at trial for any purpose.  These lists shall <u>not</u> be contained within the party's

6    separate Pretrial Statement itself but shall be attached as separate documents.  Plaintiff's exhibits

7    shall be listed **<u>numerically</u>**, and defendant's exhibits shall be listed **<u>alphabetically</u>**.  In the event

8    that the alphabet is exhausted, defendant's additional exhibits shall be marked "2A-2Z, 3A-3Z,"

9    etc.  The parties are cautioned that the Final Pretrial Order will contain a stringent standard for

10   the proffering at trial of witnesses and exhibits not listed in the Final Pretrial Order.  Counsel and

11   parties proceeding pro se are advised that the standard may be strictly applied.  On the other

12   hand, the listing of exhibits or witnesses which the party does not intend to call or use will be

13   viewed as an abuse of the court's processes.

14             Pursuant to Local Rule 281(b)(12), each party is required to provide a list of all

15   answers to interrogatories and responses to requests for admission that the party expects to offer

16   at trial.  This list should include only those documents or portions thereof which the party expects

17   to offer in its case-in-chief.  Unless otherwise barred by a rule of evidence or order of this court,

18   the parties remain free to tender appropriate discovery documents during trial for such purposes

19   as, but not limited to, impeachment or memory refreshment.

20             Pursuant to Local Rule 281(b)(8), each Pretrial Statement shall contain a

21   "statement of the legal theory, etc."  Each party shall commence this section, if appropriate, by

22   specifying as to each claim whether federal or state law governs, and, if state law, the state whose

23   law is applicable.

24             The parties are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their

25   duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and

26   the elimination of frivolous claims or defenses; (b) settling of facts which should be properly

admitted; and (c) avoidance of unnecessary proof and cumulative evidence.  Each party must prepare its Pretrial Statement, and participate in good faith at the Pretrial Conference, with these aims in mind.  FAILURE TO DO SO MAY RESULT IN THE IMPOSITION of SANCTIONS, which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

### TRIAL SETTING

Plaintiff's Second Amended Complaint includes a jury demand.  Accordingly, a Jury Trial is **SET** for **August 15, 2011**, at **9:00 a.m.** in Courtroom 6 before the Honorable John A. Mendez.

### SETTLEMENT CONFERENCE

At the time of the Final Pretrial Conference, a Settlement Conference may be scheduled before the assigned magistrate judge if the parties agree to the assigned magistrate judge acting as settlement judge in this matter.

If a Settlement Conference is set before the assigned magistrate judge, each party must promptly execute and file a form waiving disqualification of the assigned magistrate judge to act as settlement judge.  Counsel must have a principal capable of disposition present at the Settlement Conference or be fully authorized to settle the matter on any terms and at the Settlement Conference.

### MISCELLANEOUS PROVISIONS

The parties are reminded that pursuant to Fed. R. Civ. P. 16(b), this order **shall not be modified except by leave of court upon a showing of good cause.**  The parties are cautioned that changes to any of the scheduled dates may necessarily result in changes to all other dates.  Thus, even where good cause has been shown, the court may deny a request to change the discovery cutoff date without modifying the pretrial conference and trial dates.  Any request for modification that will require modification of the pretrial conference date or the trial date must be submitted to the assigned district judge.  **Agreement by the parties pursuant to stipulation**

1   **does not constitute good cause for modification.  Nor does the unavailability of witnesses or**

2   **counsel, except in extraordinary circumstances, constitute good cause.**

3              There appear to be no other matters presently pending before the court that will

4   aid the just and expeditious disposition of this matter.

5              IT IS SO ORDERED.

6   DATED: May 10, 2010.

7

8   _____

9   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

10  DAD:kw
    Ddad1/orders.prose/taylor0869.sched.ord

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26